[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10247
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61159-WPD

BEN-SHALOM YISRAEL,
a.k.a. Donnie Jackson,

                                                        Plaintiff - Appellant,

                versus

SARGEANT GIL,
SGT. JACKSON,
DEPUTY RYAN,
DEPUTY CAMPBELL,
MEDICAL STAFF, et al.,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Ben-Shalom Yisrael, proceeding pro se, appeals the district court's grant of summary judgment in favor of the defendants on his 42 U.S.C. § 1983 claims. The district court concluded that Yisrael had not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## I.

Yisrael, a Florida state prisoner, filed a second amended complaint alleging constitutional violations under § 1983 by three correctional officers at the Broward County Jail.[1] He asserted that one of the officers had ordered the other two to "assault and batter" him, which resulted in damage to his teeth and permanent disfigurement. The defendants answered, denied liability, and asserted as an affirmative defense that Yisrael had not exhausted his administrative remedies.

The defendants then filed a motion for summary judgment. They asserted

---

[1] The complaint also alleged constitutional violations by unknown medical and food service personnel. After review under 28 U.S.C. § 1915, a magistrate judge recommended dismissal of claims against those defendants and the district court adopted that recommendation. Yisrael's notice of appeal does not include that order. In any event, he does not argue those claims against those defendants, so they are abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not briefed on appeal by a pro se litigant are deemed abandoned).

that the PLRA required Yisrael to exhaust all available administrative remedies or else his action was barred and must be dismissed. A magistrate judge issued a report recommending the district court grant the defendants' motion for summary judgment based on lack of exhaustion of administrative remedies. Yisrael filed no objections to the report, and the district court adopted the report and after de novo review granted the defendants' motion for summary judgment. This is Yisrael's appeal.

II.

We review de novo a district court's grant of summary judgment, drawing all inferences and reviewing all evidence in the light most favorable to the nonmoving party. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1309 (11th Cir. 2011). We also review de novo the district court's interpretation and application of the PLRA. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005).

The PLRA provides that "[n]o action shall be brought with respect to conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is fatal to the underlying claim, Johnson, 418 F.3d at 1158–59, and we have no discretion to waive the exhaustion requirement, Bryant v. Rich, 530 F.3d

3

1368, 1373 (11th Cir. 2008).

The district court granted summary judgment to the defendants because it concluded that Yisrael had not exhausted his available administrative remedies as required by the PLRA when he filed his § 1983 claim. Even construing his pro se brief liberally, Yisrael does not argue that he did exhaust his remedies and has therefore abandoned that argument. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). The closest he gets to arguing this issue is a conclusory statement in his brief that the grievance records custodian lied in his affidavit when he said Yisrael had not filed a grievance. But conclusory allegations, particularly when they are unsworn, do not create genuine issues of material fact. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). The district court did not err in granting summary judgment to the defendants.

**AFFIRMED**